## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

PEGGY ANN CARR,          )
                             )
          PLAINTIFF,      )
                             )
VS.                    )     CASE NO. 16-CV-364-FHM
                             )
NANCY A. BERRYHILL, Acting    )
Commissioner of the Social Security   )
Administration,           )
                             )
          DEFENDANT.    )

## OPINION AND ORDER

Plaintiff, PEGGY ANN CARR, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *See Briggs ex rel. Briggs v. Massanari,* 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater,* 92 F.3d 1017 (10th

---

[1] Plaintiff Peggy Ann Carr's application was denied initially and upon reconsideration. A video hearing before an Administrative Law Judge (ALJ) Lantz McClain was held on June 9, 2014. By decision dated October 31, 2014, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied Plaintiff's request for review on April 18, 2016. The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th

Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and

is such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d

842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The

court may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Casias v. Secretary of Health & Human Servs.,* 993 F.2d 799, 800 (10th

Cir. 1991). Even if the court would have reached a different conclusion, if supported by

substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health*

*& Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 44 years old on the alleged date of onset of disability and 50 years old

on the date of the denial decision. Plaintiff completed 11th grade and attained her General

Educational Degree (GED). Past work experience includes psychiatric care aide. Plaintiff

claims to have become disabled as of February 14, 2009 due to Type 2 diabetes,

hypertension, depression, and neuropathy. [R. 148].

## The ALJ's Decision

The ALJ found that Plaintiff has severe impairments relating to diabetes mellitus with

neuropathy, obesity, and hypertension. Glaucoma and side effects from medication were

non-severe. Fibromyalgia was regarded as medically nondeterminable. [R. 15]. The ALJ

determined that Plaintiff has the residual functional capacity to perform a light work in that

she can occasionally lift/carry 20 pounds and frequently lift/carry 10 pounds. In an 8-hour

workday, Plaintiff is able to stand, walk, and sit at least 6 hours. [R. 17]. The ALJ determined that Plaintiff is unable to perform any past relevant work but found based on the testimony of the vocational expert, there are a significant number of jobs in the national economy that Plaintiff could perform. [R. 20-21]. Accordingly, the ALJ found Plaintiff was not disabled. The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled. *See Williams v. Bowen,* 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

## Plaintiff's Allegations

Plaintiff asserts that the ALJ failed to properly evaluate the medical opinion evidence. [Dkt. 17, p. 7].

## Analysis

### Kenny A. Paris, Ph.D.

Plaintiff argues that the ALJ failed to explain the weight he accorded to the opinion of psychological consultative examiner, Kenny A. Paris, Ph.D., or evaluate his opinion under the relevant factors. [Dkt. 17, p. 8]. The following factors are ones to be considered in weighing opinions from those who are not defined in the regulations as "acceptable medical sources": how long the source has known and how frequently the source has seen the individual; consistency of the opinion with other evidence; the degree to which the source presents relevant evidence to support an opinion; how well the opinion is explained; whether the source has a specialty or area of expertise related to the individual's impairment; and any other factors that tend to support or refute the opinion. *SSR* 06-03p, 2006 WL 2329939 at *4-5. The Ruling instructs that not every factor for weighing an

opinion will apply in every case.  Rather, the evaluation of an opinion will depend on the particular facts of the case and the case must be adjudicated on its merits based on a consideration of the probative value of the opinions and weighing of all the evidence in the case.  *Id.* at *5.

On October 13, 2010 Dr. Paris prepared a Mental Status/Diagnostic Examination noting Plaintiff drove herself and arrived on time to the exam, hygiene and dress were appropriate, and her posture and gait were normal.  Plaintiff reported she had never been hospitalized for psychiatric reasons.  Although her current pain level was an "8" on a 10-point scale, she only took over-the-counter pain medication.  [R. 333-34].  Dr. Paris diagnosed Plaintiff with mood disorder NOS (secondary to medical conditions); anxiety disorder NOS; and R/O social phobia.  [R. 335].  Dr. Paris opined Plaintiff had average intellectual functioning; [R. 335], memory skills were slightly below average; and no significant problems with persistence and pace.  [R. 336].  Plaintiff's overall cognitive level, ability to think abstractly, ability to function appropriately socially and emotionally, and judgment was estimated to be adequate.  Dr. Paris found that based on Plaintiff's reported symptoms, history, and performance on the exam, her ability to perform adequately in most job situations, handle the stress of a work setting, and deal with supervisors or co-workers to be below average. [R. 336].

The ALJ did not specifically articulate what weight he accorded to Dr. Paris, however, it is clear that he considered his opinion.  At step two the ALJ performed the psychiatric review technique (PRT) and clearly relied upon Dr. Paris' opinion noting Plaintiff's ability to drive, shop in stores, perform personal care, and the below average rating in Plaintiff's ability to perform adequately in most job situations, handle stress, and

deal with supervisors or co-workers. [16]. Plaintiff also testified that she participates in the care of her special needs infant grandson. [R. 30]. The ALJ gave great weight to the two reviewing state agency psychologists who found Plaintiff had mild limitations in activities of daily living; social functioning; concentration, persistence, and pace; and no episodes of decompensation. [R.19]. The ALJ found that because Plaintiff's medically determinable mental impairments caused no more than "mild" limitations in the first three functional areas and "no" episodes of decompensation of extended duration in the fourth area, that Plaintiff's mental impairments were non-severe. [R. 16]. The ALJ concluded that the medical record evidence was consistent with the RFC assessment and supported a finding that Plaintiff could perform light work.

The ALJ's failure to specify the weight accorded to the opinion of Dr. Paris is not cause for reversal of the decision. Review requires the court to use common sense, not technical perfection, as its guide. *Keyes-Zachary v. Astrue,* 695 F.3d 1156 (10th Cir. 2012). The ALJ's citation to the medical evidence satisfies the requirement that the ALJ's decision be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to Dr. Paris' medical opinion and the reasons for that weight. 20 C.F.R. § 404.1527.

Plaintiff contends that Dr. Paris' "below average" rating in her ability to perform adequately in most job situations, handle the stress of a work setting, and deal with supervisors or co-workers could reasonably be equated to functional limitations having significant impact upon her job performance. Further, the ALJ failed to ask the vocational expert to address the impact of any mental limitations upon Plaintiff's purported ability to perform the jobs of mail room clerk and laundry sorter. [Dkt. 17, p. 9].

Contrary to Plaintiff's argument, Dr. Paris' "below average" estimate does not constitute a functional limitation. It does not say Plaintiff is unable to perform job duties. It is simply Dr. Paris' estimate that Plaintiff's abilities in those areas will not be in the top fifty percent of workers. The focus of a disability determination is on the work-related functional consequences of an impairment or condition, not the mere existence of an impairment. See e.g. *Coleman v. Chater*, 58 F.3d 577, 579 (10th Cir. 1995)(the mere presence of alcoholism is not necessarily disabling, the impairment must render the claimant unable to engage in any substantial gainful employment.), *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)(the mere diagnosis of arthritis says nothing about the severity of the condition), *Madrid v. Astrue*, 243 Fed.Appx. 387, 392 (10th Cir. 2007)(diagnosis of a condition does not establish disability, the question is whether an impairment significantly limits the ability to work), *Scull v. Apfel*, 221 F.3d 1352 (10th Cir. 2000)(unpublished), 2000 WL 1028250 *1 (disability determinations turn on the functional consequences, not the causes of a claimant's condition). As a result, RFC findings do not reflect impairments, but the functional limitations that flow from a Plaintiff's impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

The ALJ did not err in failing to ask the vocational expert hypothetical questions that included mental limitations. In posing a hypothetical question, the ALJ need only set forth those physical and mental impairments which are accepted as true by the ALJ. See *Kepler v. Chater*, 68 F.3d 387, 392 (10th Cir. 1995) (citing *Talley v. Sullivan*, 908 F.2d 585, 588 (10th Cir. 1990) (stating that the ALJ is not bound by the vocational expert's opinion in response to a hypothetical question which includes impairments that are not accepted as true by the ALJ). The ALJ's hypothetical questions included limitations that he found were

supported by the record and the testimony of the vocational expert provided substantial evidence of a significant number of jobs in the national economy that Plaintiff could perform. Thus, the court finds the hypothetical question posed to the vocational expert by the ALJ was not error and the ALJ's reliance on the vocational expert's testimony was proper.

### Dr. David Wiegman, M.D.

Plaintiff argues that the decision should be reversed because although the ALJ stated he gave great weight to the opinion of consultative examining physician, Dr. Wiegman, [R. 19], the RFC assessment failed to include his opinion that Plaintiff could not grasp tools such as a hammer with her right hand. [Dkt. 17, p. 10-11]. In making the RFC assessment, an ALJ considers how an impairment, and any related symptoms, may cause physical and mental limitations that affect what a claimant can do in a work setting. 20 C.F.R. § 404.1545(a)(1). The RFC represents "the most [a claimant] can still do despite [her] limitations." *Id.* An RFC "'must be based on *all* of the relevant evidence in the case record,' including medical history, medical signs and laboratory findings, effects of treatment, reports of daily activities, lay evidence, medical source statements, effects of symptoms, and evidence from attempts to work." *Id.* (quoting *SSR* 96-8p, 1996 WL 374184, at *5).

Plaintiff was examined by Dr. Wiegman October 16, 2010. Dr. Wiegman found Plaintiff's arm and leg strength normal at 5/5 with the exception of her right hand which was 4/5. Grip strength was normal in the left hand with right hand decreased to 4/5. Plaintiff effectively opposed the thumb to the fingertips, could manipulate small objects, and could

7

grasp tools such as a hammer but only with her left hand. [R. 338-343]. Dr. Wiegman also found Plaintiff had normal range of motion in her back, neck, hips, ankles, and knees, and was capable of lifting 20 pounds. [R. 18]. The ALJ also gave great weight to the *Physical Residual Functional Capacity Assessments* of LMW, M.D., [R. 49-52], and Karl Boatman, M.D., [R. 54-63], who found Plaintiff was capable of performing light work. [R. 19-20].

Plaintiff contends the ALJ committed reversible error by not discussing why he rejected Dr. Wiegman's opinion that Plaintiff could not grasp tools such as a hammer with her right (dominant) hand and include that limitation in the RFC. The ALJ clearly considered and rejected Dr. Wiegman's opinion that Plaintiff could not grasp tools such as a hammer with her right hand because the ALJ mentioned the opinion in the decision and did not include it in the RFC. The issue then is whether the ALJ's failure to say why he rejected Dr. Wiegman's opinion is reversible error.

The ALJ is not required to discuss every opinion, especially opinions that would not change the outcome of the case. In this case, there is no evidence that grasping hammer-like tools is required in the jobs the ALJ found Plaintiff could perform. Plaintiff attempts to fill this gap by arguing the jobs require frequent handling, but handling is not the same as grasping tools such as a hammer. The court finds that the ALJ's evaluation of Dr. Wiegman's opinion was proper and is supported by substantial evidence. Accordingly, the court finds no error in the ALJ's residual functional capacity determination.

## CONCLUSION

The court finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts. The court further finds there is substantial evidence in the record to support the ALJ's decision. Accordingly, the

8

decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 27th day of June, 2017.

_Frank H. McCarthy_
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE